**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVAN CERNA, et al.,

    Defendants.

No. CR 08-0730 WHA

**ORDER DENYING DEFENDANT HERRERA'S MOTION TO CONFRONT AND REBUT *EX PARTE* SHOWING IN SUPPORT OF FINAL PROTECTIVE ORDER**

**INTRODUCTION**

A final protective order (Dkt. No. 630) was entered in this action pursuant to Rule 16(d)(1) based on the government's *ex parte* showing that if the locations and identities of key cooperating witnesses, victims, and their families were known, their safety would be at risk. Defendant Guillermo Herrera has filed a motion seeking the opportunity to "confront" the government's *ex parte* showing and rebut the need for a protective order in this matter. Because such an adversarial proceeding would defeat the purpose of the protective order by revealing the protected witnesses' identities, defendant Herrera's motion is **DENIED**.

**STATEMENT**

This gang prosecution alleges 59 counts against 29 defendants arising from alleged actions of the Mara Salvatrucha gang, also known as MS-13. The alleged offenses include racketeering conspiracy, conspiracy to commit murder, various crimes of violence, narcotics

offenses, conspiracy to commit robbery, illegal possession and dealing of firearms and attempted exportation of stolen vehicles, among others.

On May 13, 2009, the government moved for a protective order for witness security pursuant to Rule 16(d)(1). The motion was supported by the sealed declaration of Assistant United States Attorney W.S. Wilson Leung. On June 25, 2009, an order granted the government's motion and a tentative protective order was issued patterned after the protective order issued in an earlier RICO gang prosecution, *United States v. Fort*, 05-00167 WHA. After additional briefing from the parties raising objections and suggestions to the tentative protective order, a final protective order was issued on September 16, 2009, to address the extent to which otherwise discoverable materials could (or could not) be redacted to keep defense teams from learning of civilian witnesses' identities and locations.

The protective order was granted based on the government's *ex parte* showing of danger to inculpatory civilian witnesses. A previous order (Dkt. No. 631) stated:

> The danger arises out of substantial showings by the government that (1) the RICO defendants are and have been at all relevant times member of the MS-13 gang; (2) the gang has carried out numerous murders and other acts of violence (for which members are under indictment in this case); (3) the gang and its confederates, some of whom are at large, abide by a code that requires that cooperating witnesses and their families be killed; (4) actual violence and threats have already been made against witnesses in this case; and (5) if the location and identity of key government witnesses were known, their safety (and their families' safety) would be at risk.

The final protective order restricts the disclosure of information that would tend to reveal the identities or locations of particular civilian witnesses as to whom the government made an *ex parte* showing of danger. Additionally, restrictions on the disclosures of protected witnesses' identities to defendants are set to expire before their trials, with the exception that specific locator information which defendants do not need for an effective defense will never be disclosed. Defense teams also have the option to choose not to opt in to the protective order and pursue their defense without the benefit of receiving protected information from the government under the protective order.

**ANALYSIS**

Defendant Herrera seeks to rebut and confront information proffered *ex parte* by the prosecution in support of its motion for a protective order. Defendant Herrera asserts that non-protected information — including "information regarding the history, structure, organization, and practices of MS-13" — should have been segregated from protected information and received through an adversarial, rather than a secret, proceeding. He seeks an order for the disclosure of any such information and a hearing to rebut the need for a protective order in this matter.

Rule 16(d)(1) provides that:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*.

The Advisory Committee Notes elaborate that, "[a]lthough the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed. . . . An ex parte proceeding would seem to be appropriate if any adversary proceeding would defeat the purpose of the protective or modifying order. For example, the identity of a witness would be disclosed and the purpose of the protective order is to conceal that witness's identity."

Defendant Herrera argues that this *ex parte* procedure violates his Sixth Amendment right to a public trial. He argues that granting the government's motion for a protective order based on an *ex parte* evidentiary showing was "substantively and procedurally flawed" because it denied him procedural due process and his constitutional rights to counsel, confrontation and to present a defense. He relies on *Waller v. Georgia*, 467 U.S. 39, 46 (1984), for the proposition that the right to a public trial is not limited to the evidentiary phase of criminal proceedings and that pretrial hearings must generally be held in open court in the presence of defendants. In *Waller*, the Supreme Court reversed a state court conviction because the trial court conducted a suppression hearing *ex parte* in order to protect the privacy interests of third parties. *Waller*, however, explicitly recognized that the right to an open trial may give way in

3

certain cases to other rights or interests. Neither *Waller* nor any of the other opinions relied upon by defendant addressed Rule 16(d)(1), which allows for an *ex parte* showing by the government in support of a protective order when an adversarial proceeding would subject witnesses to physical harm if their identities were revealed.

The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety by allowing protective orders to be crafted in the discretion of the Court based on an *ex parte* showing when necessary. This order finds based on an examination of the government's *ex parte* showing that an adversarial proceeding in this instance would necessarily reveal the very information — the identities of the protected witnesses — which the protective order was designed to protect. Nowhere does Rule 16 or any opinion relied upon by defendant Herrera support his suggestion that he should be allowed to "confront and rebut" those portions of the government's showing which he speculates might not tend to reveal protected witnesses' identities. Such a procedure would be unworkable. Defendant Herrera could not possibly confront and rebut the need for a protective order without access to the *entire* government submission, but if he were given such access then the very purpose of having a protective order in the first place would be defeated. Defendant Herrera's motion is therefore **DENIED**.

Defendant Herrera finally argues that Rule 16(d)(1) does not authorize the issuance of the final protective order in this matter. He argues that the only proper mechanism for issuance of a "prospective and broad" protective order would be pursuant to 18 U.S.C. 1512–1515. Under Section 1514(b), a protective order may be issued prohibiting harassment of a witness or victim based on a finding by a preponderance of the evidence that harassment of the identified victim or witness exists or that a protective order is necessary to prevent or restrain witnesses from being, *inter alia*, harassed, threatened, killed, or intimidated.

This argument has already been rejected in a previous order (Dkt. No. 631). The final protective order is a reasonable exercise of the Court's discretionary power pursuant to Rule 16(d)(1) to regulate the disclosure, dissemination, and use of discovery and protect the safety of witnesses in a case that presents a strong risk of witness intimidation and harassment.

4

Defendant Herrera's objections that the protective order is an invalid assertion of that discretionary power are **OVERRULED**.

## CONCLUSION

For the foregoing reasons, defendant Herrera's motion to confront and rebut the *ex parte* showing in support of the final protective order and challenging the reasonableness of the protective order pursuant to Rule 16(d)(1) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 7, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE