1  PETER GOODMAN, ESQ.
   State Bar No. 65975
2  400 Montgomery Street, Second Floor
   San Francisco, California 94104
3  Telephone: (4l5) 781-8866
   Facsimile:  (415) 781-2266
4
   Attorney for Defendant
5  ERICK DAVID LOPEZ

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN FRANCISCO DIVISION

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0730 WHA |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER MODIFYING BRIEFING SCHEDULE FOR LOPEZ SUPPRESSION MOTIONS |
| vs. | |
| IVAN CERNA, et al., | |
| Defendants. | |

Plaintiff UNITED STATES OF AMERICA, through its counsel of record, Assistant United States Attorney ("AUSA") W.S. Wilson Leung, and defendant ERICK DAVID LOPEZ, through his counsel of record, Peter Goodman, hereby stipulate and agree as follows:

1.  On September 17, 2010, this Court issued an order requiring that all suppression motions brought on behalf of non-noticed death-eligible defendants be filed on October 22, 2010, at noon. Responses were ordered to be filed by November 12, 2010, at noon and all replies by November 19, 2010, at noon.

2.  Counsel for defendant LOPEZ requested that the government provide him with copies of two search warrants that are not contained in the discovery in order to determine whether to file suppression motions challenging their legality: 1) a search warrant for 1755 and 1753 Fulton Street issued by the San Francisco Superior Court

-1-

1 | on or about April 3, 2008, executed that day by Sergeant Dion McDonnell of the San
2 | Francisco Police Department; 2) a search warrant or any other judicial authorization
3 | that allowed ICE Special Agent Kendrick Yeung to download the contents of a Nokia
4 | cell phone seized from defendant LOPEZ on March 30, 2008.  The government has
5 | obtained a copy of the search warrant for the Fulton Street address this date and is
6 | reviewing it to determine whether the evidence seized pursuant to its execution is
7 | relevant to this prosecution and constitutes Rule 16 discovery.  The government is
8 | endeavoring to obtain a copy of the search warrant or any other written authority for
9 | the cell phone download and anticipates providing it to defense counsel shortly.

10 |      3.    Given the unanticipated delays in obtaining this discovery and the need
11 | for defense counsel to review it before determining whether to file suppression motions
12 | relative to its contents, the parties hereby request that the Court modify the briefing
13 | schedule and hearing date relative to the suppression motions filed by defendant
14 | LOPEZ as follows:   a)  any suppression motions brought by defendant LOPEZ shall
15 | be filed by November 5, 2010, at noon; b)  any responses to those motions shall be filed
16 | by November 26, 2010; c)  any replies to the responses shall be filed by December 3,
17 | 2010,  at noon; d)  the hearing on those motions shall remain December 8, 2010, at
18 | 8:00 a.m.

SO STIPULATED

DATED:   October 20, 2010

                /s/
W.S. WILSON LEUNG
Assistant United States Attorney

SO STIPULATED

DATED:   October 20, 2010

                /s/
PETER GOODMAN
Attorney for Defendant
ERICK DAVID LOPEZ

1 | GOOD CAUSE APPEARING from the parties' Stipulation and [Proposed] Order Modifying Briefing Schedule for Lopez Suppression Motions, IT IS HEREBY ORDERED that: 1) any suppression motions brought by defendant LOPEZ shall be filed by November 5, 2010, at noon; 2) any responses to those motions be filed by November 26, 2010; 3) any replies to the responses be filed by December 3, 2010, at noon; d) the hearing on those motions shall remain December 8, 2010, at 8:00 a.m.

DATED: October 21, 2010.

_____
WILLIAM ALSUP
United States District Court Judge