IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERICK LOPEZ, *et al*.

    Defendants.

                                      /

No. CR 08-0730 WHA

**ORDER RE DEFENDANT LOPEZ'S REQUEST RE *KYLES* DECISION**

With respect to the colloquy regarding *Kyles*, the government has appropriately recognized on the record its duties under *Kyles* and *Brady* (May 16 Tr. 6339–6342). In *Kyles*, the prosecutor failed to learn and disclose that the police investigating the homicide had records of conflicting eyewitness descriptions of the shooter that would have severely undercut identifications of the defendant as the shooter. The prosecutor similarly failed to disclose multiple inconsistent statements regarding critical, material issues made by the government informant who "made the case" for the prosecution — an informant who the defense alleged was the true killer. Indeed, the decision explicitly found that "disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable." *Kyles v. Whitley*, 514 U.S. 419, 441 (1995).

The facts in *Kyles* are a far cry from our case here, where defense counsel asserts the government must memorialize virtually every word spoken by an informant, regardless of materiality. The government here acknowledges that it has already turned over all interview memoranda with Informant-Cooperator SF-1218 and will memorialize and disclose any material

items left out of those memoranda if and when the government becomes aware of any such omission. *Kyles* does not impose on the government the burden demanded by the defense.

Dated: May 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE